[811 NYS2d 825]

In the Matter of JEFFREY A. LAZROE, an Attorney, Respondent.
GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, December 22, 2005

## APPEARANCES OF COUNSEL

*Margaret C. Callanan, Principal Counsel, Eighth Judicial District Grievance Committee,* Buffalo, for petitioner.

*David R. Addelman,* Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on September 12, 1972, and maintains an office for the practice of law in Buffalo. The Grievance Committee filed a petition charging respondent with acts of misconduct, including abusing the subpoena process. Respondent filed an answer admitting material allegations of the petition and appeared before this Court and submitted matters in mitigation.

Respondent admits that, while representing himself in a lawsuit to challenge a will, he issued 191 subpoenas to nonparty health care providers and financial institutions without court approval and with no knowledge whether the recipients had in fact provided health care or financial services to decedent. Additionally, respondent admits that he failed to respond in a timely manner to discovery demands in an action he commenced on behalf of a client whose truck was damaged, resulting in the entry of an order of preclusion. He further admits that he notarized the client's signature on a bill of particulars without requiring the client to appear before him and that he failed to deposit in a timely manner the settlement proceeds received in that action.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain client funds in a special account separate from his business or personal accounts;

DR 9-102 (c) (1) (22 NYCRR 1200.46 [c] [1])—failing to notify a client or third party promptly of the receipt of funds in which the client or third party has an interest;

DR 9-102 (c) (2) (22 NYCRR 1200.46 [c] [2])—failing to identify and label securities and properties of a client or third person promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds, securities and other properties of a client or third person coming into his possession and render appropriate accounts to the client or third person regarding them;

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to pay or deliver promptly to the client or third person as requested by the client or third person funds, securities or other properties in his possession that the client or third person is entitled to receive;

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts;

DR 9-102 (d) (2) (22 NYCRR 1200.46 [d] [2])—failing to maintain a record for special accounts, showing the source of all funds deposited in such accounts, the names of all persons for whom the funds are or were held, the amount of such funds, the description and amounts, and the names of all persons to whom such funds were disbursed; and

DR 9-102 (d) (9) (22 NYCRR 1200.46 [d] [9])—failing to make accurate contemporaneous entries of all financial transactions in his records of receipts and disbursements, special accounts, ledger books and any other books of accounts kept by him in the regular course of his practice.

We have considered the matters submitted by respondent in mitigation, including that he issued the subpoenas while involved in a contentious personal lawsuit and that he withdrew the subpoenas and apologized to the recipients when directed to do so by Surrogate's Court. Additionally, we have considered the statement of respondent that he was attempting to accommodate his client when he notarized the client's signature without requiring the client to appear before him. Finally, we have considered the statements of respondent regarding measures he has taken to reduce his caseload and improve the efficiency of his office procedures. We note, however, that respondent has received numerous letters of caution, some of

which were based upon conduct similar to the conduct underlying the charges herein. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for six months and until further order of the Court.

GREEN, J.P., SCUDDER, GORSKI, PINE and HAYES, JJ., concur.

Order of suspension entered.