[825 NYS2d 389]

In the Matter of JEFFREY A. LAZROE, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 22, 2006

## APPEARANCES OF COUNSEL

*Margaret C. Callanan, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Joel L. Daniels*, Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on September 12, 1972, and formerly maintained an office for the practice of law in Buffalo. By order entered December 22, 2005, we suspended respondent from the practice of law for six months and until further order of the Court for misconduct that included abusing the subpoena process (*Matter of Lazroe*, 25 AD3d 263 [2005]). Respondent has not applied for reinstatement to practice.

The Grievance Committee subsequently filed a petition charging respondent with acts of misconduct arising from his simultaneous representation of two clients with differing interests. Respondent filed an answer admitting material allegations of the petition, and he appeared before this Court and submitted matters in mitigation.

Respondent admits that he executed retainer agreements both with the driver of a vehicle that had been involved in an automobile accident and with a passenger in that vehicle who was injured, without disclosing to the clients the potential conflict of interest or obtaining their consent to the representation. Respondent further admits that he withdrew from representation of the driver shortly before commencing an action for damages for personal injuries on behalf of the injured passenger against the driver and against the driver of the other vehicle involved in the accident. Finally, respondent admits that he failed to disclose to his former client the potential conflict of interest arising from his continued representation of the injured passenger and failed to obtain the consent of the former client to the continued representation of the injured passenger.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-110 (a) (2) (22 NYCRR 1200.15 [a] [2])—withdrawing from employment without taking steps to the extent reasonably

practicable to avoid foreseeable prejudice to the rights of the client;

DR 2-110 (b) (2) (22 NYCRR 1200.15 [b] [2])—failing to withdraw from employment when he knows or it is obvious that continued employment will result in violation of a disciplinary rule;

DR 5-105 (a) (22 NYCRR 1200.24 [a])—failing to decline proffered employment if the exercise of his independent professional judgment on behalf of the client will be or is likely to involve him in representing differing interests;

DR 5-105 (b) (22 NYCRR 1200.24 [b])—continuing multiple employment if the exercise of his independent professional judgment on behalf of a client will be or is likely to be adversely affected by his representation of another client, or if it would be likely to involve him in representing differing interests; and

DR 5-108 (a) (1) (22 NYCRR 1200.27 [a] [1])—representing a person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of a former client without the consent of the former client after full disclosure.

We have considered the matters submitted by respondent in mitigation, including that the misconduct that is the subject of the instant petition occurred prior to respondent's suspension. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for a period of six months, effective June 22, 2006, and until further order of the Court.

SCUDDER, P.J., GORSKI, GREEN and PINE, JJ., concur.

Order of suspension entered.